IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS R. HUTTON,

                Plaintiff,

                                             CIVIL ACTION
   vs.                                          No. 03-3272-SAC

WICHITA POLICE DEPARTMENT, et al.,

                Defendants.

ORDER

Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. § 1983 filed while he was incarcerated in a Kansas correctional facility.

Plaintiff seeks damages on his claim that the retention of legal documents seized during the execution of a search warrant[1] at his former address was unlawful, and impaired his ability to pursue state and federal remedies regarding his state criminal convictions. The defendants named in the original complaint are the Wichita Police Department and two Wichita Police Officers. The court dismissed the Wichita Police Department as an entity not subject to being sued, and directed plaintiff to show cause why the complaint against the remaining defendants should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983.

In response, plaintiff repeats his assertion that the

---

[1] The court previously referred to the warrant as a federal search warrant. Plaintiff clarifies that it was a state warrant which led to the filing of a federal criminal action. *See* U.S. v. Hutton, Case No. 02-10135-MLB (felon in possession of a firearm).

deprivation of his legal materials prevented him from seeking timely federal review of his state convictions.[2] It appears plaintiff is referring to habeas corpus review under 28 U.S.C. § 2254, of plaintiff's state court conviction in Sedgwick County District Court Case No. 99-CR-38. Having reviewed the record, the court remains convinced this action should be dismissed.

Plaintiff's allegations, that police officers unlawfully seized his legal materials in July 2001 and did not return them until June 2003, are insufficient to state any claim of constitutional deprivation.

To any extent plaintiff seeks damages for the alleged unlawful seizure of his legal property, a Fourth Amendment property claim against the two police officers is barred by the availability of an adequate remedy under state law. *See* Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). *See also* K.S.A. 22-2512 (custody and disposition of property seized under a search warrant).

To the extent plaintiff claims the seizure and retention of his legal materials denied him his constitutional right of access to the courts, the court finds no support in the record for such a claim.

In his state court appeal in the identified criminal case,[3] the Kansas Supreme Court denied review on September 25, 2001. Plaintiff

---

[2] Plaintiff also seeks to amend his complaint to name the City of Wichita as a defendant. This request is denied because plaintiff alleges no violation of his constitutional rights pursuant to a policy or custom of the City. *See* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

[3] Kansas Appeal No. 85111.

argues that not having the his legal papers from that appeal prevented him from filing a federal habeas petition under 28 U.S.C. § 2254 within the one year limitations period imposed by 28 U.S.C. § 2244(d)(1).

It appears plaintiff was incarcerated on a Kansas sentence when the search warrant was executed in July 2001, and that plaintiff was released upon expiration of that sentence on August 14, 2001. Plaintiff states he was unaware his legal papers were missing until November 2001 when he attempted to prepare a federal habeas application, and states he did not discover his legal property had been seized by a Wichita police officer until after plaintiff had been indicted on the federal firearm charge in September 2002. Even assuming plaintiff was confined in some manner between his August 2001 release upon expiration of his state sentence and his arrest pursuant to the September 2002 federal indictment, plaintiff's allegations are wholly insufficient to demonstrate that either defendant's action prevented plaintiff from seeking assistance from plaintiff's state appellate attorney and/or the Kansas appellate courts, or that plaintiff was prevented from filing a federal habeas application in a timely manner on the limited information available. *See* Crooker v. Mulligan, 788 F.2d 809, 813 (1st Cir. 1986).

Additionally, court records reflect that plaintiff did in fact seek federal habeas review of the same state court conviction, and that his application was dismissed because plaintiff could not satisfy the custodial requirement for seeking relief under § 2254,

and not because the application was untimely filed.[4]

Accordingly, the court concludes the complaint should be dismissed as stating no claim for relief against the two Wichita police officers named as defendants. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion to alter and amend (Doc. 23) to correct address information in the record is granted.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 19th day of July 2006 at Topeka, Kansas.


   s/ Sam A. Crow
   SAM A. CROW
   U.S. Senior District Judge

---

[4]*See* <u>Hutton v. Shelton</u>, District of Kansas Case No. 03-3368-SAC (dismissed December 13, 2003)("in custody" requirement for seeking federal habeas relief under § 2254 not satisfied where plaintiff had already served the ten month concurrent sentence imposed in the challenged state court judgment), *certificate of appealability denied and appeal dismissed* (August 2, 2004).